UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NIZZA P. EL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-181-CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER FOR MOVANT TO SHOW CAUSE

This matter is before me upon review of a "Memorandum in Support of Application for Habeas Corpus," filed by movant Nizza P. El, also known as Orlando Preston. For the reasons explained below, I will construe the Memorandum as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and direct movant to show cause why I should not dismiss it as time-barred. I will also direct movant to correct the omission of his signature.

## Background

In the Memorandum, movant cites 4:13CR143 CDP-4, a criminal case in which he (identified as Orlando Preston) was a defendant. *See U.S. v. Orlando Preston*, No. 4:13-cr-143-CDP-4 (E.D. Mo. Jun. 30, 2014). There, on March 21, 2014, movant pleaded guilty to conspiracy, mail fraud, and operating a chop shop. On June 30, 2014, I sentenced him to serve 60 months' imprisonment, to be followed by a total of three years of supervised release. Movant appealed, and on March 26, 2015, the Court of Appeals affirmed the judgment. Movant did not file a petition for writ of certiorari.

In the instant Memorandum and the attachment thereto, movant argues that the imposition of supervised release is invalid. As relief, he asks that "the court of the EASTERN

DISTRICT OF MISSOURI terminate the code order of supervised release as to NOBLEMAN Nizza P. El a Moorish National with all rights reserved under the 1, 5, 6, 9, 10th Amendment right, as well as the American declaration of rights of INDIGENOUS PEOPLES." *Id.* at 13 (emphasis in original). While movant does not specifically cite 28 U.S.C. § 2255, he clearly states he seeks habeas relief, he cites his federal criminal case, and he challenges the validity of the portion of his sentence imposing supervised release. As this is an argument challenging the validity of the sentence as imposed, it must be brought in a motion pursuant to 28 U.S.C. § 2255. *See, e.g., U.S. v. Hutchings,* 835 F.2d 185, 186 (8th Cir. 1987). I therefore construe movant's Memorandum as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court must summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

For a defendant who does not file a petition for a writ of certiorari, the judgment of conviction becomes final upon the expiration of the time for filing such petition, or 90 days. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Therefore, movant had one year and ninety days from March 26, 2015, or until June 24, 2016, to file a motion pursuant to § 2255. However, movant did not file the instant motion until January 28, 2019,[1] more than two and one-half years after the expiration of the applicable limitations period. Consequently, the motion is time-barred, and I will direct movant to show cause why it should not be dismissed as such.

I also note that movant failed to sign the motion. Rule 11 of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." I will direct movant to correct this omission.

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this Order, movant shall show cause why this action should not be dismissed as untimely, and shall also correct the omission of his signature.

**Movant's failure to timely show cause in accordance with this Order will result in the dismissal of this action, without prejudice and without further notice, and his failure to**

---

[1] This is the date movant indicated on the motion.

3

**timely correct the omission of his signature will result in the motion being stricken pursuant to Rule 11 of the Federal Rules of Civil Procedure.**

Dated this 11th day of February, 2019.

                                                      _____
                                                      CATHERINE D. PERRY
                                                      UNITED STATES DISTRICT JUDGE