UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NIZZA P. EL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-181-CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me upon movant's response to my February 11, 2019 order directing him to show cause why his motion should not be dismissed as untimely, and to correct the omission of his signature. Having reviewed and considered movant's response, I conclude that the motion should be dismissed because it is time-barred. I also conclude that the motion should be stricken due to movant's failure to correct the omission of his signature.

**Background**

As set forth in detail in my February 11, 2019 order, movant filed the instant motion after the expiration of the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Briefly, however, the relevant dates are as follows. On March 21, 2014, movant pleaded guilty to federal offenses, and on June 30, 2014, I sentenced him to serve 60 months' imprisonment, to be followed by a total of three years of supervised release. *U.S. v. Orlando Preston*, No. 4:13-cr-143-CDP-4 (E.D. Mo. Jun. 30, 2014). Movant appealed, and on March 26, 2015, the Court of Appeals affirmed the judgment. *U.S. v. Orlando Preston*, No. 14-2754 (8th Cir. 2014). There is no record that movant filed a petition for writ of certiorari in the United States Supreme Court. Therefore, movant had one year and ninety days from March 26,

2015, or until June 24, 2016, to file a motion pursuant to § 2255. However, movant did not file the instant motion until January 28, 2019, nearly four years later. He also failed to sign the motion.

In my February 11, 2019 order, I directed movant to show cause why his motion should not be dismissed as untimely, and to correct the omission of his signature. In response, movant does not argue that his motion is timely. Instead, he contends that the "[t]ime bar should not apply because, I Nobleman Nizza P. El filed a writ of certiorari on August 28, 2015 at (Pekin FCI) located in the state of Illinois." (Docket No. 3 at 1). Movant further contends that "there's a petition to the supreme court concerning case # 413CR143CDP-4, that was filed on May 20, 2015, sent from (Greenville FCI) located in the state of Illinois." *Id.* Movant indicates that he sent the documents via certified mail, and he provides tracking information showing a successful certified mail delivery on May 22, 2015. Finally, movant contends that "[t]o be sentenced to code or under code is unconstitutional. I greatly feel that this should clear up any and all misunderstanding. Being a Moorish American National A-1 citizen proves the status of jurisdiction." *Id.* Movant neither mentions nor attempts to correct the omission of his signature from his motion.

## Discussion

The AEDPA requires a federal habeas petition to be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. §2255(f)(1). Here, movant asserts that his motion is timely because he sent documents to the Supreme Court in May and August of 2015. However, movant does not identify, nor am I aware, of any Supreme Court matter in which a petition for writ of certiorari he filed was considered. Movant's averments that he sent certified mail to the Supreme Court do not permit the conclusion that he filed a petition for writ

of certiorari. Even if I were to assume movant filed a petition for writ of certiorari in May or August of 2015, movant does not indicate the outcome of such proceedings, the date on which they ended, or any other information from which I could conclude that his motion is timely. Finally, movant offers no argument that can be construed as an attempt to claim entitlement to equitable tolling. Having determined that the motion was untimely filed, and having considered movant's response, I conclude that the motion should be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

I also note that movant failed to correct the omission of his signature from his motion after the omission was called to his attention. I therefore conclude that the motion should be stricken pursuant to Rule 11 of the Federal Rules of Civil Procedure.

I have considered whether to issue a certificate of appealability. To do so, I must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because movant herein has made no such showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant Nizza P. El's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **STRIKE** document 1.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 18th day of March, 2019.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE